**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4240

GREGORY STEVEN JETT,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-95-154)

Submitted: January 23, 1997

Decided: February 5, 1997

Before RUSSELL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory J. Campbell, CAMPBELL & TURKALY, Charleston, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
John C. Parr, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gregory Steven Jett appeals from a criminal judgment convicting him of aiding and abetting possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (1994) and 18 U.S.C. § 2 (1994) and sentencing him to a term of imprisonment of five years and four years of supervised release. We affirm.

Jett argues that the district court should not have applied 21 U.S.C. § 841(b)(1)(B) (1994) requiring a mandatory minimum sentence of five years imprisonment if ten grams or more of methamphetamine or one hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine was involved in the offense. Jett was apprehended purchasing 86.2 grams of a mixture containing methamphetamine. The mixture tested as 27.5 percent pure. Jett does not dispute the validity of the measurements. The district court found the relevant quantity for sentencing purposes was the converted quantity of the mixture, 23.705 grams of pure methamphetamine, and sentenced Jett to the mandatory minimum sentence.

Jett alleges that the district court should not have applied the mandatory minimum sentence provision because the mixture he purchased weighed less than one hundred grams and it was improper to use the converted pure amount. This court has specifically rejected such an argument in United States v. Rusher, 966 F.2d 868, 879-80 (4th Cir.), cert. denied, 506 U.S. 926 (1992). We therefore find that the district court did not err in using the converted pure amount of methamphetamine for sentencing purposes and affirm the judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2